CHARLES N. BAKER, plaintiff in error, *vs.* HENRY M. BOOZER, defendant in error.

1. Action for seizing personal property under execution against a stranger, is barred after four years from date of seizure.
2. Interposing a claim, and litigating the title in the claim case, will not keep the statute from running.
3. The present action was barred on the face of the declaration.

Statute of Limitations. Trespass. Before Judge BUCH-ANAN. Troup Superior Court. November Term, 1876.

On October 27th, 1873, Baker brought an action for damages against Boozer, alleging, in substance, as follows:

On January 29th, 1868, defendant caused an execution in his favor, against one John House, to be levied on certain personalty, the property of plaintiff. Plaintiff was put to great expense in claiming such property, employing counsel, procuring evidence, attending court, etc. Said claim was determined in favor of plaintiff at the May term, 1873, of the superior court. At the time of such levy, defendant well knew that the property was not subject to the execution, and that the *fi. fa.* itself was illegal and void, having been sued out for the purpose of harrassing and damaging plaintiff. Damages laid at $500.00.

Upon demurrer, the action was dismissed as barred upon its face by the statute of limitations. To this ruling plaintiff excepted.

C. W. MABRY, for plaintiff in error.

B. H. BIGHAM, for defendant.

BLECKLEY, Judge.

1. Where the cause of action is the seizure of the plaintiff's property under an execution against a third person, the right of action accrues at the time of the seizure, and the suit must be commenced within four years thereafter, or it will

be barred.   Code, §§ 3026, 3059.   *See* 12 *Ga.* 371, for same analogy.

2. The owner of the property cannot change the period of limitation, by interposing a claim, litigating the right of property in that case, and treating his damages as not sustained until the claim case has terminated in his favor.

3. This action was barred on the face of the declaration, the declaration being filed on the 27th of October, 1873, and alleging that the property (personalty) was seized on the 29th of January, 1868, by the defendant's procurement, that the plaintiff interposed a claim, which remained pending until May term, 1873, and that the plaintiff was damaged in certain sums expended in counsel fees, in the fees of witnesses, in the expenses of attending court, and for the loss of time in his attendance, from the filing of the claim until it was disposed of.   If these damages were sufficiently proximate to be recoverable, the reasonable and probable amount of the same might have been anticipated without waiting for the claim case to be brought to a conclusion before commencing an action for the trespass.   But the claim was a suit commenced by the claimant, (55 *Ga.* 399,) and that circumstance would seem to embarrass greatly the theory on which the present action is founded.   There is a provision of law for assessing damages against the claimant (Code, §3738,) but none for awarding them in his favor.

Judgment affirmed.