## CIRCUIT COURT OF THE CITY OF BRISTOL

Rondal Smith

v.

City of Bristol

September 30, 1987

By JUDGE CHARLES B. FLANNAGAN, II

This matter is currently before the court on a motion for summary judgment.

The defendant City of Bristol, Virginia, contends that it is immune from suit because of the allegation that plaintiff's damages resulted from negligence of the defendant in the maintenance or operation of a storm sewer system. The city contends that such a function is a governmental function for which the city enjoys immunity.

I am overruling the motion for summary judgment on the grounds that the city does not enjoy immunity for the negligent acts alleged.

First, plaintiff contends that his suit is really a suit for negligent maintenance and upkeep of the streets as it was the street that was covered with water precipitating this accident. See *City of Norfolk v. Hall*, 175 Va. 545 (1940).

The status of a separate storm sewer system is vague, but it appears that the Supreme Court of Virginia would likely treat the maintenance of a storm sewer as a proprietary function particularly when its usage could reasonably be expected to affect travelers upon a nearby street. See *Burson v. City of Bristol*, 176 Va. 53 (1940). In *Burson*, the court stated:

The rule, indeed, would be but half discharged were it not held to make the municipality liable for dangers known to exist *outside the street's*

*limits*, but so near thereto to endanger public travel thereon. *Id*. at 64 (emphasis added).

While a city need not provide its residents with a drainage system, the city has the power to do so. *See Miller and Meyers v. City of Newport News*, 101 Va. 432 (1903). Where the issue of negligent operation of a drainage system has arisen, it has generally been resolved that no immunity existed. *See e.g.*, *Smith v. Alexandria*, 74 Va. (33 Gratt.) 208 (1880); *City of Norfolk v. Hall*, 175 Va. 545 (1940).

The treatment of sewer cases has been similar. *See Chalkley v. City of Richmond*, 88 Va. 402 (1891); *City of Richmond v. Wood*, 109 Va. 75 (1909); McQuillen *Municipal Corporations* § 53.118.

Though factually distinguishable from the case at bar, the case of *Richmond v. Cheatwood*, 130 Va. 76 (1921), is worthy of note. In that case, the city's pavement of streets and construction of water drains made existing "arches" insufficient to carry rain water along the receiving creek. The city knew of the inadequacy and made no changes. A severe rainstorm resulted in the flooding of plaintiff's property.

The court accepted an instruction which advised the jury that though the city had the right to construct and maintain "sewers, culverts or drains," it was bound to use "all reasonable care, skill and diligence to provide such reasonable and proper means and facilities as would be reasonably necessary to carry off and discharge. . . the waters which might reasonably be anticipated . . . to accumulate within said area . . ." *Id*. at 94.

For the reasons aforesaid, the court concludes that the law of Virginia treats the maintenance of streets *and* storm sewers as proprietary functions, and the motion for summary judgment will be denied.