911 F.2d 868
 John DOE b/k/a Mary Doe, Mary Doe and Frank Doe, Plaintiffs-Appellants,
v.
CONNECTICUT DEPARTMENT OF CHILD AND YOUTH SERVICES and Mark
J. Marcus, Raymond Farrington, Patricia Simpson, and David
Goldner, individually and officially as employees of the
Connecticut Department of Child and Youth Services,
Defendants-Appellees.
 No. 536, Docket 89-7601.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 7, 1990.
Decided Aug. 13, 1990.
 
 Joseph D. Garrison, New Haven, Conn. (Garrison, Kahn, Silbert & Arterton, New Haven, Conn., on the brief), for plaintiffs-appellants.
 Daniel R. Schaefer, Asst. Atty. Gen., Hartford, Conn. (Clarine Nardi Riddle, Atty. Gen., Hartford, Conn., on the brief), for defendants-appellees.
 Before TIMBERS, NEWMAN, and ALTIMARI, Circuit Judges.
 JON O. NEWMAN, Circuit Judge:
 
 
 1
 This appeal, like van Emrik v. Chemung County Dep't of Social Services, 911 F.2d 863 (2d Cir.1990), decided this day, concerns the availability of the qualified immunity defense in the context of temporary interruption of parental custody. Two parents and their minor child appeal from the May 19, 1989, judgment of the District Court for the District of Connecticut (Peter C. Dorsey, Judge) dismissing, on motion for summary judgment, their suit against the Connecticut Department of Social Services and some of its employees. The suit sought damages for the actions of the defendants in removing the minor child from the parental home on an emergency basis for a 96-hour period, see Conn.Gen.Stat. Sec. 17-38a(e) (1988), and placing him in a state home. The defendants acted in response to serious allegations of sexual child abuse perpetrated upon the child by his older brother, with the toleration, and perhaps the participation of, the child's parents.
 
 
 2
 In a thorough opinion, Judge Dorsey concluded that the defendants were entitled, as a matter of law, to the defense of qualified immunity. Doe v. Connecticut Dep't of Children and Youth Services, 712 F.Supp. 277 (D.Conn.1989). The facts are fully set forth in the District Court's opinion and need not be recounted here.
 
 
 3
 Appellants challenge Judge Dorsey's conclusion, essentially on two grounds, neither of which has merit. First, they contend that factual issues remain as to whether the defendants fully complied with the requirements of state law. Even if true, the claim is irrelevant. The question is whether " 'no reasonable jury, looking at the evidence in the light most favorable to, and drawing all inferences most favorable to, the plaintiffs, could conclude that it was objectively unreasonable for the defendant[s]' to believe that [they were] acting in a fashion that did not clearly violate an established federally protected right." See Robison v. Via, 821 F.2d 913, 921 (2d Cir.1987) (quoting Halperin v. Kissinger, 807 F.2d 180, 189 (D.C.Cir.1986) (Scalia, J., sitting by designation)) (emphasis added). "[A] violation of state law neither gives [plaintiffs] a Sec. 1983 claim nor deprives defendants of the defense of qualified immunity to a proper Sec. 1983 claim." Id. at 922.
 
 
 4
 Second, appellants contend that qualified immunity is precluded, or at least that the issue requires a trial, because of the timing of the defendants' action. This claim is based on the facts that the most specific allegations of the parents' involvement related to events several months before the removal and that the defendants waited three days after receipt of their most recent information before acting. Neither circumstance defeats the defense of qualified immunity on the facts of this case. The psychologist who interviewed another victim of the older brother's sexual abuse just prior to the removal reported to the defendants that "[g]iven the extent of sexual, physical, and mental abuse which allegedly occurred in the [Does'] home, in my opinion, this is an extremely volatile situation and a potentially dangerous one as well" (emphasis added). The fact that some of the information reported to the defendants had occurred a few months earlier did not make it objectively unreasonable for them to conclude, based on all the reported information, that temporary removal of the child was warranted.
 
 
 5
 Nor does the fact that the defendants waited three days from receipt of the psychologist's report before invoking their authority under the state statute preclude the availability of qualified immunity. The suit sought damages for the removal of the child, not for the delay in taking such action. The removal remained objectively reasonable when it was undertaken.
 
 
 6
 We agree with Judge Dorsey, for the reasons set forth in his opinion, that the undisputed facts establish the availability of the qualified immunity defense. The judgment of the District Court is affirmed.