## CIRCUIT COURT OF WARREN COUNTY

Fred W. McLaughlin et al.

v.

Town of Front Royal et al.

September 2, 1994

Case No. (Chancery) 94-73

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on September 1, 1994, for argument on the Defendants' Demurrer and Plea of the Statute of Limitations to the Motion for Declaratory Judgment and Other Relief based on the town's failure to extend sewer service to the Petitioner's property pursuant to an annexation order of December 31, 1976. Upon consideration of the argument of the parties and the memoranda of authorities filed by the parties, the Court made the following decision.

### I. *Statement of Material Facts*

The following facts are established in the record and are not in dispute.

This litigation is a continuation of litigation that was commenced in 1987 in the United States District Court for the Western District of Virginia. It has its genesis in a 1976 annexation by the Town of Front Royal.

The complainants are owners of property that was annexed into the Town of Front Royal by the 1976 annexation. The complainants purchased the property in question in 1964, and they claim in this suit that it was unreasonable to develop their property into lots with septic systems.

The 1976 annexation order was effective December 31, 1976, and it required, among other things, the extension by the Town of Front Royal of interceptor and collector sewer lines into the annexed area, with the required lines to be installed as soon as it became reasonably necessary and economically feasible to do so, but in any event, to be completed within five years from the effective date of the annexation. Accordingly, any sewer lines required to be constructed by the annexation order had to be installed by December 31, 1981.

One of the lines in question which would have served the complainants property was not constructed by December 31, 1981. On December 2, 1985, the complainants filed a request for sewer service, and the Town of Front Royal denied this request by letter dated June 9, 1986.

On February 12, 1987, the complainants filed suit in the United States District Court for the Western District of Virginia claiming their rights under 42 U.S.C. § 1983 had been denied in that there had been a taking of their property without compensation and due process and they had been denied equal protection. At the same time the Front Royal and Warren County Industrial Park Corporation (a Virginia stock corporation of which at least one of the complainants was a stockholder) filed a similar law suit in the United States District Court for the Western District of Virginia, claiming it had been denied sewer service required under a 1978 annexation order. This 1978 annexation order had been amended so that the lines in question in that case were required to be constructed by December 27, 1985. These two cases were consolidated and judgments were ultimately entered for both plaintiffs.

At all times since February 12, 1987, the complainants' right of action has been pending in the federal courts.

By April 29, 1988, the town had constructed a sewer line within fifty feet of the complainants' property, and by October 11, 1989, the town had extended a sewer line to the complainants' property.

The Town of Front Royal and the individual defendants appealed the decision to the Fourth Circuit Court of Appeals, and that Court, by opinion rendered on September 19, 1991, vacated the judgments and remanded the cases to the District Court with instructions for the plaintiffs to proceed in state court.

In 1992 the Front Royal and Warren County Industrial Park Corporation proceeded in state court by filing for a writ of mandamus to compel the construction of certain sewer lines and for damages claimed because of the failure to construct the lines. This Court entered a writ of mandamus requiring the Town of Front Royal to construct certain lines but denied the Front Royal and Warren County Industrial Park Corporation's claim for damages. Both parties appealed this Court's decision, and an appeal was granted to the Town of Front Royal on the issuance of the writ of mandamus, while the Front Royal and Warren County Industrial Park Corporation was denied its appeal on the Court's denial of damages. The appeal of the Town of Front Royal is presently pending before the Virginia Supreme Court.

The complainants in this case filed a motion in May of 1992 with the District Court to reinstate the judgment, claiming that no relief was available in the state court. The District Court reinstated the judgment, and the defendants appealed the matter to the Fourth Circuit Court of Appeals. The judgment was again vacated and remanded by the Fourth Circuit by opinion rendered on April 5, 1994, with instructions to the plaintiffs to proceed in state court. On May 18, 1994, this action ensued.

The defendants have filed a Plea of the Statute of Limitations and a Demurrer to complainants' Motion for Declaratory Judgment and Other Relief.

## II. *Conclusions of Law*

### 1. *Accrual of Complainant's Cause of Action For Damages*

Section 8.01-230 of the Code of Virginia provides that a cause of action for injury or damage to property accrues and the prescribed limitation period shall begin to run from the date the injury or damage occurs. In this case, the Annexation Court issued an Order effective December 31, 1976, giving the Town five years within which to construct certain sewer improvements on the annexed property. Therefore, any right of action that may exist as a consequence of the Town's alleged failure to construct the required sewer lines pursuant to the Annexation Order accrued on December 31, 1981. The continuing wrong principle espoused by the Complainants has no application to this case. If it did, the Supreme Court would

apply it in all cases where state action based on a failure to act or compensate for a wrong was involved, and it does not.

A municipal corporation is liable for acts of its employees or officials if the acts were done in the exercise of a ministerial act. *City of Richmond v. Grizzard*, 205 Va. 298 (1964); *Howlett v. City of South Norfolk*, 193 Va. 564, 69 S.E.2d 346 (1952) (construction of authorized public works is a ministerial activity); *Burson v. Bristol*, 176 Va. 53 (1940). Where a wrongful act causing injury is committed by officers or employees of a municipality in the performance of a purely ministerial act, the municipal corporation is liable just as any other private corporation. *Hoggard v. Richmond*, 172 Va. 145, 157 (1939).

The language in the December 31, 1976, Annexation Order is clear and unambiguous: "The Town of Front Royal shall proceed to construct interceptor and collector sanitary sewer lines in the areas herein decreed to be annexed . . . ." The Town had to provide the sewer as ordered by the Annexation Court; it had no discretion to do otherwise. If the Town had contracted with a private corporation to construct the sewer line by December 31, 1981, and the contractor failed to complete the line by that time, the Town's right of action for breach of the contract accrued on December 31, 1981. Similarly, when the sewer extension was not completed by December 31, 1981, the Town was in violation of the Annexation order, and any person within the annexed area then had a right of action against the Town for redress.

## 2. *Statute of Limitations*

In *Hampton Roads Sanitation District v. McDonnell*, 234 Va. 235, 238-39 (1987) (sewage discharge case) the Virginia Supreme Court indicated that a land owner may enforce his right to compensation under Article 1, Section 11, of the Constitution of Virginia in a common law action for injury to property. The Virginia Supreme Court then noted that property damage actions such as the one before it are governed by the provisions of Virginia Code Section 8.01-243(B), which provides that "every action for injury to property . . . should be brought within five years next after the cause of action shall have accrued." *Id.* at 239. This five year statute of limitations applies to all of the Complainant's rights of action except for their civil rights claim set forth in Count III, which is subject to the two year statute of limitations of Virginia Code § 8.01-243(A). "Equity follows the law" as to applicable periods of limitations.

*Belcher v. Kirkwood*, 238 Va. 430, 433 (1989); *United States v. Lomas Mortg. USA, Inc.*, 742 F. Supp. 936, 939 (W.D. Va. 1990).

Complainant's rights of action set forth in Counts I, II, and V, which are based on the town's failure to complete the sewer lines by December 31, 1981, pursuant to the Annexation Order are barred by the statute of limitations, because the Complainants filed no action until February 12, 1987.

### 3. *Section 8.01-229(E)(2) Tolls the Statute of Limitations because of the Earlier Litigation Between the Parties in Federal Court*

Section 8.01-229(E) of the Virginia Code provides for the tolling of the statute of limitations in cases in which a suit has been instituted, but has been dismissed, abated or nonsuited. Section 8.01-229(E)(3) provides for the tolling of the statute of limitations in the event of a nonsuit, and that section has been construed to include the dismissal of an action in federal court pursuant to Rule 41 of the Federal Rules of Civil Procedure. *Scoggins v. Douglas*, 760 F.2d 535, 538 (4th Cir. 1985). Presumably, the same policy would apply to Section 8.01-229(E)(2), which provides for tolling in the event that "a judgment or decree is rendered for the plaintiff in any action commenced within the prescribed limitation period and such judgment or decree is arrested or reversed upon a ground which does not preclude *a new action for the same cause*." (Emphasis added.)

The revisers' note to subsection 8.01-229(E)(2) states that "the plaintiff who brings his action within due time should not be denied a decision on the merits because of subsequent procedural developments or fortuities which have no bearing upon the purpose of statutes of limitation." In applying the principles of tolling and determining the application of the statute of limitations to a subsequent case between the same parties, the Virginia Supreme Court has held that in order for the statute to be interrupted, "the cause of action in the two cases must be substantially identical." *Brunswick Corp. v. Perkinson*, 153 Va. 603, 611 (1930).

To understand the application of the tolling provisions of § 8.01-229(E)(2), it is necessary to have an understanding of the precise meaning of the term "cause of action," because that is the broad transactional concept underlying the application of the tolling statute. The Supreme Court of Virginia recently had occasion to discuss the concept of cause of action in *Trout v. Commonwealth Transp. Commissioner*, 241 Va. 69, 73, 400 S.E.2d 172 (1991):

> An "action" and a "cause of action" are quite different. "Action" is defined by Code § 8.01-2, as noted above. We defined

"cause of action" in *Roller v. Basic Construction Co.*, 238 Va. 321, 327, 384 S.E.2d 323, 326 (1989), as "a set of operative facts which under the substantive law, may give rise to a right of action."

As can be seen, Virginia follows the broad transactional rule set forth in the Restatement of Judgments 2d, § 24, for purposes of defining "cause of action." The importance of understanding the broad concept of "cause of action" is essential to understanding the application of the tolling provisions of the statute. One "cause of action" may give rise to myriad rights of action, e.g., breach of contract, breach of warranty, negligence, and statutory claims such as asserted in the earlier litigation between the parties in this case; however, if the rights of action arise from the same operative set of facts and could legally be asserted therein, they are all the same "cause of action" for purposes of the application of the tolling provisions of the statute.

The Complainants' rights of action set forth in Counts III and IV, the civil rights actions and the conspiracy right of action, are not barred by the statute of actions, because they arise out of a cause of action which was the subject of the litigation in the federal courts, so the Complainant's federal action tolled the statute of limitations.

*4. The Earlier Litigation Between the Parties in Federal Court Has No Collateral Estoppel or Res Judicata Effect on this Litigation*

A decree or order does not constitute *res judicata* unless it is a final judgment in the case on the merits. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Steinman v. Clinchfield Coal Corp.*, 121 Va. 611, 619 (1917). Similarly, there must be a valid and final judgment for the doctrine of collateral estoppel to apply. *See Lake Serv. Co. v. Board of Supervisors*, 233 Va. 111, 114 (1987). In this case, the United States Court of Appeals for the Fourth Circuit vacated the district court's order granting damages in favor of the plaintiffs. Where a decree has been reversed or annulled, it no longer operates as *res judicata. Pittston Co. v. O'Hara*, 191 Va. 886, 902, *appeal dismissed*, 342 U.S. 803 (1951). The federal court's ruling on the Defendants' Plea of the Statute of Limitations is not binding on this court.

### 5. *Demurrer*

The Supreme Court recently reviewed the principles governing the trial court's ruling on a demurrer in *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 431 S.E.2d 277 (1993), in which it stated:

> "A demurrer admits the truth of all material facts properly pleaded. Under this rule, the facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *Rosillo v. Winters*, 235 Va. 268, 270, 367 S.E.2d 717, 717 (1988). "On demurrer, a court may examine not only the substantive allegations of the pleading attacked but also any accompanying exhibit mentioned in the pleading." *Flippo v. F & L Land Co.*, 241 Va. 15, 17, 400 S.E.2d 156, 156 (1991).
>
> When a motion for judgment or a bill of complaint contains sufficient allegations of material facts to inform a defendant of the nature and character of the claim, it is unnecessary for the pleader to descend into statements giving details of proof in order to withstand demurrer. *Hunter v. Burroughs*, 123 Va. 113, 129, 96 S.E. 360, 365 (1918). And, even though a motion for judgment or a bill of complaint may be imperfect, when it is drafted so that defendant cannot mistake the true nature of the claim, the trial court should overrule the demurrer; if a defendant desires more definite information, or a more specific statement of the grounds of the claim, the defendant should request the court to order the plaintiff to file a bill of particulars. *Alexander v. Kuykendall*, 192 Va. 8, 14-15, 63 S.E.2d 746, 749-50 (1951).

Having examined Counts III and IV of the motion for judgment, and drawing "all reasonable inferences fairly and justly drawn from the facts alleged . . . in aid of the pleadings," it would appear that rights of action have been pleaded.

### 6. *Duty to Provide Sewer Services*

Generally, governmental immunity applies to an action against a municipal corporation for a failure to provide the public with municipal sewer services. *See Stansbury v. Richmond*, 116 Va. 205, 209, 81 S.E. 26 (1914). In the absence of the mandate in the 1976 Annexation Decree, the general

duty of the Town to provide sewer service in the annexed area is that described in McQuillen, Municipal Corporations, § 53.119 (3rd Ed.):

> The establishment of sewers and drains by a municipal corporation is the exercise of a legislative or quasi-judicial power, and the legislative body of the municipality is the sole judge of the necessity for such action. At common law, a municipal corporation is under no obligation to provide drainage or sewage for its inhabitants, unless rendered necessary by its own act . . . .

*Accord Miller and Myers v. City of Newport News*, 101 Va. 432, 44 S.E. 712 (1909); and *Smith v. City of Bristol*, 14 Va. Cir. 8 (Bristol 1987). "Generally speaking, the construction of sewers and drains involves the exercise of discretionary powers which the courts will not ordinarily undertake to control, and mandamus does not lie to control municipal discretion with regard to the construction or extension of sewer systems . . . ." 56 Am. Jur. 2d, *Municipal Corporations*, § 571. While the Town's compliance with the mandate of the annexation decree to provide sewers was a ministerial act, it was undertaken incident to the exercise of a governmental function for which the Town could not ordinarily be held liable. Since there would be no remedy at common law for the Town's failure to perform the discretionary governmental function of providing sewer service, potential liability would have to derive from some statutory right of action available to the Petitioner, such as 42 U.S.C. 1983 or Virginia Code § 18.2-499, based on the manner in which the Complainants' 1985 application for sewer service was refused.

### 8. *Civil Rights Claim*

Section 1983 originated as part of the Ku Klux Act of 1871 as an exercise of Congress' power to enforce the Fourteenth Amendment to the U.S. Constitution. *Monroe v. Pape*, 365 U.S. 167, 171, 81 S. Ct. 473, 475, 5 L. Ed. 2d 492, 496 (1961). It creates a "species of tort liability" for violation of certain federal rights. *Imbler v. Pachtman*, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L. Ed. 2d 128, 136 (1976). A successful plaintiff can recover not only damages, but also attorney's fees pursuant to 42 U.S.C. § 1988.

The nature of a Section 1983 action has been described by the United States Court of Appeals for the Fourth Circuit as follows:

> The essential elements to be proved in any section 1983 action are (1) that the defendant was acting under color of state law in

> the actions complained of; and (2) that the defendant deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. If there is no violation of a federal right, there is no basis for a section 1983 action . . . .

*Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988) (citation omitted). Section 1983 claims are generally based upon denial of rights found in the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, and they are most frequently due process and equal rights protection claims.

The Fourth Circuit, in deference to the essential elements, has held that a Section 1983 action cannot be based alone on a violation of state law or even on an intentional violation of state law. *Id.* at 163. This prohibition against the use of Section 1983 to bootstrap state law claims into claims for damages and attorney's fees under Section 1983 has been uniformly followed by the federal courts. *E.g., Brown v. Grabowski*, 922 F.2d 1097, 1113 (3rd Cir. 1990); *Doe v. Connecticut Department of Child and Youth Services*, 911 F.2d 868, 869 (2d Cir. 1990); *Pesce v. J. Sterling Morton High School*, 830 F.2d 789, 795 (7th Cir. 1987). Moreover, the Supreme Court has specifically held that violations of state law do *not* constitute "a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question." *Gryger v. Burke*, 334 U.S. 728, 731, 68 S. Ct. 1256, 1258, 92 L. Ed. 1683 (1948).

Therefore, to succeed in its Section 1983 claim, Complainants must point to some federal due process or equal protection right that has been violated by Town's failure to take provide sewer service as a result of the Complainants' 1985 application. "To have a [constitutionally protected] interest in a benefit, a person clearly must have more than an abstract need or desire for it . . . . He must have a legitimate claim or entitlement to it." *Eldridge v. Bouchard*, 645 F. Supp. 749, 756 (W.D. Va. 1986), *aff'd* 823 F.2d 546 (wage differential between state troopers in different regions of the state upheld despite claimed due process and equal protection violations) quoting *Board of Regents v. Roth*, 408 U.S. 564, 571, 33 L. Ed. 2d 548 (1972).

The equal protection clause of the Fourteenth Amendment does not prevent governmental units from treating different classes differently, rather it prohibits discriminatory action without reasonable basis or based upon a constitutionally suspect class. *See generally* 16A Am. Jur. 2d, *Constitutional Law*, § 788; *Eldridge v. Bouchard, supra.* In this case, further factual development is required to determine whether the Town acted arbitrarily in denying the Complainants' 1985 application for sewer service,

and, if so, whether that action is cognizable as a due process or equal protection violation. Therefore, the Demurrer to the Count III is denied.

## 8. *Conspiracy Count*

In Count IV, the Complainants claim that the individual defendants conspired from February 10, 1986, until June 9, 1986, to refuse to provide sewer service to the Complainants pursuant to Virginia Code sections 18.2-499 and 18.2-500. All of the named defendants were then members of the Town Council, and, if they were acting in their capacity as such, they cannot have formed a conspiracy since they were all agents of the Town. *See Fox v. Deese*, 234 Va. 412, 428, 362 S.E.2d 699 (1987). Since a factual issue may exist as to whether they were acting within the scope of their employment, the demurrer to this count will be denied.

## 9. *Inverse Condemnation*

In *Virginia Land Investment Association v. City of Virginia Beach*, 239 Va. 412, 420-421, 389 S.E.2d 312 (1990), the Supreme Court of Virginia held that:

> An unconstitutional taking or damage did not occur in this case because the owner was not deprived of the use or right to sell the land. Diminution in salability or potential market value does not rise to the level of a constitutional taking or damage to the property.

In this case, it is clear that the petitioner was not denied the use of his land or right to sell it. In fact, the petitioner had purchased its land in 1964, and then it was annexed in 1976, so clearly the land had value and was salable without sewer service. The gravamen of Petitioner's claim is that it was denied the enhancement in market value to be derived from the availability of public sewers to Petitioner's property. No inverse condemnation action will lie in Virginia where the acts complained of are to confer a benefit upon the property, because where enhancement exceeds the damage to the property, there can be no award for damages to the Petitioner's property in a condemnation action. *See, e.g., State Hwy. & Transp. Commr. v. Linsly*, 223 Va. 437, 444, 290 S.E.2d 834 (1982). Moreover, the statute of limitations has run on any claim for unconstitutional taking, because that right of action accrued on January 1, 1982, when the time for the Town's compliance with the Annexation Order has expired.

### III. *Decision*

For the foregoing reasons, it is adjudged and ordered that:

Defendants' Plea of the Statute of Limitations is denied to the extent that the rights of action are based on the town's refusal in 1986 to grant the complaint's request for sewer service, but the Plea of the Statute of Limitations is sustained as to any right of action based on the town's failure to complete the sewer lines to the annexed area by December 31, 1981, which are counts I, II, and V. The Plea of the Statute of Limitations as to counts III and IV is denied;

Defendant's Demurrer to Count III — 42 U.S.C. 1983 is denied as to the claims based upon due process and equal protection of the law, but it is sustained as to the claim for unconstitutional taking of the Complainant's property;

Defendants' Demurrer to Count IV — Section 18.2-499 conspiracy is denied;

Complainants' Motion to Admit into Evidence Documents Admitted to be Genuine is granted, and the exhibits listed in the motion will be admitted into evidence subject to objections based on relevancy.