10-3162-pr
Harris v. Taylor

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of September, two thousand eleven.

PRESENT:
> GUIDO CALABRESI,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> *Circuit Judges*.

---

Freddie Harris,

> *Plaintiff-Appellant*,

v.                                                                      10-3162-pr

Justin A. Taylor, Superintendent, Gouverneur
Correctional Facility, *et al*.,

> *Defendants-Appellees*.

---

FOR APPELLANT:          FREDDIE HARRIS, *pro se*, Rome, NY.

FOR APPELLEES:          ROBERT M. GOLDFARB, Assistant Solicitor General, of
                        Counsel (Andrew D. Bing, Deputy Solicitor General, Barbara D.
                        Underwood, Solicitor General, *on the brief*), *for* Eric T.
                        Schneiderman, Attorney General of the State of New York,
                        Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Freddie Harris, proceeding *pro se*, appeals from the district court's judgment granting defendants' motion for summary judgment in Harris's 42 U.S.C. § 1983 action. We assume familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo* and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment [was] sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's judgment for substantially the same reasons stated in the magistrate judge's thorough and well-reasoned report and recommendation. In moving for summary judgment, defendants offered substantial evidence in support of their decision to confiscate Harris's mail and discipline him for misconduct. Harris failed to meaningfully dispute this evidence.

2

Contrary to Harris's argument, neither the lack of a criminal indictment charging Harris for his conduct nor defendant Alan Taylor's decision to reverse the disciplinary action on administrative appeal undermined the reasonableness of the defendants' belief that Harris had attempted to commit tax fraud.

Defendants did not "default" by virtue of failing to respond explicitly, in their summary judgment motion, to Harris's Fourth and Eighth Amendment claims. *See generally* Fed. R. Civ. P. 55. To the extent that Harris is objecting to the *sua sponte* dismissal of his Fourth and Eighth Amendment claims, "district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that [he] had to come forward with all of [his] evidence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Defendants notified Harris that failure to respond to their summary judgment motion might result in the dismissal of his entire case, and the magistrate judge explicitly addressed Harris's Fourth and Eighth Amendment claims in his report and recommendation. As a result, Harris was on notice that his Fourth and Eighth Amendment claims might be dismissed. *Sua sponte* dismissal of those claims was, therefore, appropriate.

While failure to comply with a state law or administrative directive does not by itself establish a violation of § 1983, *see Doe v. Connecticut Department of Child & Youth Services*, 911 F.2d 868, 869 (2d Cir. 1990), the record demonstrates that the defendants complied with the directives Harris cites in his brief. Harris's disciplinary hearing was held on April 16, 2009, which was within 14 days after the issuance of his misbehavior report on April 10, 2009, and was more than 24 hours after he was served with his misbehavior report on April 14, 2009.

3

We have considered Harris's other arguments on appeal and have found them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk