**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Thursday, the 4th day of June, 2015.

Birchwood-Manassas Associates, L.L.C.,                    Appellant,

 against        Record No. 141195
                Circuit Court No. CL13-5521

Birchwood at Oak Knoll Farm, L.L.C., et al.,              Appellees.

                                Upon an appeal from a
                                judgment rendered by the Circuit
                                Court of Prince William County.

Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that there is no error in the judgment of the circuit court.

Birchwood-Manassas Associates, L.L.C. (Birchwood-Manassas) was formed in 1997 to own, develop and sell real estate in Prince William County, Virginia.  Ronald J. Horowitz (Horowitz) and Burton Haims (Haims) were the managers of Birchwood-Manassas during its entire existence, and Horowitz exercised day-to-day control over the entity.  Birchwood at Oak Knoll Farm (Oak Knoll) and Birchwood at Wading River (Wading River) (collectively, Defendants) were two entities also formed to develop and sell real estate under the management and control of Horowitz and Haims, with Horowitz exercising day-to-day control over both of them.

Between August 16, 2004 and June 30, 2009, Horowitz and Haims transferred funds from Birchwood-Manassas to Oak Knoll and Wading River.  Oak Knoll and Wading River used the funds to develop and sell their respective properties.  The transfers and repayment of funds between the entities were reported and documented in the

ledgers and financial statements of the entities.  However, there were no loan documents or any formal terms of repayment, thus creating demand obligations owed by Oak Knoll and Wading River in favor of Birchwood-Manassas.

In 2011, a member of Birchwood-Manassas filed suit in the Circuit Court of Prince William County seeking an order dissolving Birchwood-Manassas and the appointment of a liquidating trustee to wind up its affairs.  The operating agreement of Birchwood-Manassas contained a clause requiring the entity to be dissolved and its affairs wound up no later than January 1, 2008.  The circuit court ordered that Birchwood-Manassas be dissolved and determined that, as Code § 13.1-1048 requires, there was "'cause shown'" to appoint a liquidating trustee to wind up its affairs, noting that, in regard to the liquidation of assets, an irreconcilable conflict existed between the current managers of Birchwood, Horowitz and Haims, and the companies to which Birchwood lent money, Oak Knoll and Wading River.[*]

The liquidating trustee accepted his appointment on January 29, 2013 and demanded the immediate repayment of the money owed by the Defendants to Birchwood-Manassas.  After a prior complaint was dismissed without prejudice, Birchwood-Manassas filed an amended complaint against Oak Knoll Farm and Wading River on January 31, 2014, seeking damages for breach of contract and unjust enrichment and the imposition of constructive trusts on Defendants' respective

_____

[*] In its letter opinion, the circuit court stated, "The Court does not address the allegations of managerial misconduct; rather, the conflicts of interests which arise from the managers' fiduciary duties to both the debtor and the creditor of the loan form the basis for the Court's ruling."

2

properties and proceeds from the sale of their properties. Moreover, the amended complaint alleged numerous breaches of the fiduciary duties of loyalty and care by the managers of Birchwood-Manassas.

The Defendants filed a plea in bar asserting that Birchwood-Manassas's claims were time-barred. Birchwood-Manassas argued that the limitations period had been equitably tolled because the irrevocable conflict of interest of its managers, Horowitz and Haims, and their breaches of their fiduciary duties to Birchwood-Manassas made it impossible for Birchwood-Manassas to bring a claim against the Defendants within the applicable statute of limitations.

The circuit court granted the plea in bar and dismissed the amended complaint with prejudice. Birchwood-Manassas appeals.

Birchwood-Manassas asserts that the circuit court erred in ruling that the conflicts of interest and breaches of fiduciary duties of its former managers did not equitably toll the statute of limitations on its claims against the Defendants. The parties do not dispute that a three-year statute of limitations applies to the causes of action asserted against the Defendants and that the statute has run, if it was not tolled. Birchwood-Manassas had the burden to prove its entitlement to the tolling of the statute of limitations. See Schmidt v. Household Fin. Corp., II, 276 Va. 108, 117, 120, 661 S.E.2d 834, 839, 840 (2008).

This Court has held that:

> It is well-established that statutes of limitations are strictly enforced and must be applied unless the General Assembly has clearly created an exception to their application. A statute of limitations may not be tolled,

3

> or an exception applied, in the absence of a clear
> statutory enactment to that effect. Any doubt must be
> resolved in favor of the enforcement of the statute.

Casey v. Merck & Co., 283 Va. 411, 416, 722 S.E.2d 842, 845 (2012) (citations, alteration and internal quotation marks omitted). Neither an irrevocable conflict of interest nor a breach of fiduciary duty is listed within the Code of Virginia as a trigger for the tolling of the statute of limitations. See Code §§ 8.01-229; 8.01-249. Accordingly, Birchwood-Manassas does not claim that any statute-based tolling provision renders its claims timely.

Birchwood-Manassas nonetheless claims it is entitled to relief. It asserts that this Court has long recognized that equity will toll a statute of limitations under certain "extraordinary circumstances." Brunswick Land Corp. v. Perkinson, 153 Va. 603, 608, 151 S.E. 138, 140 (1930).

Two such extraordinary circumstances that have arisen in the past are (1) where fraud prevents a plaintiff from asserting its claims, or (2) where the defendant "has by affirmative act deprived the plaintiff of his power to assert his cause of action in due season." Schmidt, 276 Va. at 117, 661 S.E.2d at 838-39; Brunswick Land Corp., 153 Va. at 608, 151 S.E. at 140. Birchwood-Manassas does not allege any fraud or failure to disclose the transactions on the part of its managers or the Defendants. Likewise, it does not allege any affirmative acts by its managers or the Defendants to hinder the assertion of its claims.

Birchwood-Manassas argues that this Court's application of equitable tolling principles to "extraordinary circumstances" should be extended to include this instance in which it asserts

4

that the conflicts of interest and breaches of fiduciary duties of its managers made it impossible for Birchwood-Manassas to assert its rights within the statute of limitations. We hold that such an extension of the law is not warranted.

Affiliated entities having overlapping management and the occurrence of transactions between such entities are not extraordinary occurrences. It is not alleged that the complained-of conflicts of interest and breaches of fiduciary duties were concealed from or unknown to Birchwood-Manassas when they occurred. Even if its managers did not bring an action against the Defendants before the statute of limitations ran, other members of the entity could have done so. Code §§ 13.1-1042(A) and 13.1-1043 (stating that a member can commence or maintain a derivative proceeding if the plaintiff "fairly and adequately represents the interests of the limited liability company" and was "a member at the time of the transaction of which he or it complains"); see also Simmons v. Miller, 261 Va. 561, 574, 544 S.E.2d 666, 674 (2001) ("A derivative action is an equitable proceeding in which a shareholder asserts, on behalf of the corporation, a claim that belongs to the corporation rather than the shareholder."). This is borne out by the fact, mentioned by the circuit court in its letter opinion, that although no action was brought concerning the loans within the statute of limitations, at least one non-managing member of Birchwood-Manassas brought an action during that limitations period seeking to have Birchwood-Manassas dissolved.

As a matter of law, an action could have been filed to pursue collection of the loans within the statute of limitations. Birchwood-Manassas has not proven the existence of an extraordinary

5

circumstance that could not have been avoided by the exercise of due diligence. "Equity aids the vigilant, not those who sleep on their rights." Chesapeake & Ohio Ry. Co. v. Willis, 200 Va. 299, 306, 105 S.E.2d 833, 839 (1958). Birchwood-Manassas is not entitled to equitable relief. The circuit court did not err in granting the Defendants' plea in bar.

For the foregoing reasons, we affirm the judgment of the Circuit Court of Prince William County. The appellant shall pay to the appellees two hundred and fifty dollars damages.

This order shall be certified to the said circuit court, and shall be published in the Virginia Reports.

A Copy,

Teste:

Patricia L. Harrington, Clerk