*Brandon v. Sensio, Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand twenty-five.

PRESENT:

> DENNY CHIN,
> RICHARD J. SULLIVAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

DELANA BRANDON, individually and on behalf of all others similarly situated,

> *Plaintiff-Appellant,*

> v.                                                              No. 25-1399

SENSIO, INC.,

> *Defendant-Appellee.*

For Plaintiff-Appellant: ANDRE BELANGER (Philip J. Furia, Furia Law, New York, NY, *on the brief*), Poulin Willey Anastopoulo, LLC, Charleston, SC.

For Defendant-Appellee: JUDY C. SELMECI, Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ronnie Abrams, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 30, 2025 judgment of the district court is **AFFIRMED**.

Delana Brandon allegedly suffered burns to almost twenty percent of her body after her pressure cooker's lid unexpectedly opened during use, causing the cooker's heated contents to spill onto her. Believing that a design defect in the pressure cooker's locking mechanism caused her accident, Brandon sued the maker of the device, Sensio, Inc., asserting a claim for deceptive practices under the Virginia Consumer Protection Act (the "VCPA") and a claim for unjust enrichment.

The district court granted Sensio's motion to dismiss for failure to state a claim, holding that both of Brandon's claims were time-barred under Virginia's

applicable statutes of limitations. On appeal, Brandon argues that the district court relied on the wrong accrual date for her VCPA claim, and that her unjust enrichment claim is subject to equitable tolling.

We review *de novo* a district court's dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6), "accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." *Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 503 (2d Cir. 2022). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## I.     VCPA

As relevant here, the VCPA makes it unlawful for suppliers of consumer goods to engage in "deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction." Va. Code Ann. § 59.1-200(A)(14). Private actions to enforce that prohibition are subject to a two-year statute of limitations, *id.* § 59.1-204.1(A), which runs from the date that the deception "is discovered or by the exercise of due diligence reasonably should

have been discovered," *id.* § 8.01-249(1). Under Virginia law, Brandon's VCPA claim is therefore time-barred unless, despite the exercise of due diligence, she could not reasonably have discovered Sensio's alleged deception until April 16, 2022 – that is, two years before the date on which she filed this action. *See Schmidt v. Household Fin. Corp., II*, 276 Va. 108, 117–18 (2008) (placing the burden on the plaintiff to prove that she "acted with due diligence and yet did not discover the fraud . . . until within the statutory period of limitation immediately preceding the commencement of the action" (internal quotation marks omitted)).[1]

The parties disagree as to when Brandon's VCPA claim accrued. Brandon argues that she could not have discovered Sensio's alleged deception until August 10, 2023, when Sensio recalled several models of its pressure cookers (including the model that Brandon had purchased) due to a possible design defect in the locking mechanism of the pressure cookers' lid. By contrast, Sensio contends (and the district court held) that Brandon was on notice of Sensio's potential deception as of April 7, 2019, the date of her accident.

---

[1] Although we typically treat a statute-of-limitations bar as an affirmative defense, Brandon concedes that Virginia law places the burden on the plaintiff to prove (and thus plead) that an action is timely under Va. Code Ann. § 8.01-249(1)'s discovery rule. *See Schmidt*, 276 Va. at 119 (holding that "based on the facts alleged in [the plaintiff's] amended complaint, . . . [the plaintiff] did not carry his burden to prove" that he timely filed his action under section 8.01-249(1)).

The theory of liability underlying Brandon's VCPA claim is that Sensio misled consumers by touting the safety and reliability of its pressure cookers while concealing the fact that a design defect in the pressure cookers' locking mechanism could lead to high-temperature spillage during use. Brandon alleges that she "was completely unaware that [her pressure cooker's] lid could be opened while the contents therein were still scalding hot" and "appropriately assumed that the lid would remain closed until the contents therein were cooled to an appropriate temperature" due to "Sensio's active and persistent promotions touting the quality of its pressure cookers." J. App'x at 27–28. But it stands to reason that when Brandon "received burns to almost 20% of her body because of the lid unlocking and splashing the scalding hot contents onto her body," *id.* at 29, she reasonably should have questioned Sensio's claims of safety and reliability and taken decisive steps to investigate the cause of her accident.

Brandon's assertion that she could not have reasonably discovered Sensio's deception prior to the August 2023 recall is, as alleged, implausible. Prior to the recall, the only steps that Brandon took to ascertain the cause of her accident were to "search[] the terms 'Sensio Bella Pressure Cooker,' 'Pressure Cooker Recall 2019 List,' and '[r]ecalls.gov' on the Internet," to "investigate[] agencies that deal with

5

recalls" on the recalls.gov website, and to visit Sensio's website. *Id.* at 28 (alleging that these efforts failed to turn up "any information that indicated pressure cookers can cause injuries"). But given the alleged severity of Brandon's injury, which abruptly upset her prior expectations concerning the safety of the pressure cooker, Brandon was on notice of a possible defect that Sensio had failed to disclose. Thus, she was obligated to take more decisive steps to investigate the cause of her accident than a handful of internet searches. *See STB Mktg. Corp. v. Zolfaghari*, 240 Va. 140, 144 (1990) (requiring "such a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent [person] under the particular circumstances" (alteration adopted and internal quotation marks omitted)).

Nor do the facts here resemble those in *Peter Farrell Supercars, Inc. v. Monsen*, 82 F. App'x 293 (4th Cir. 2003) (unpublished), upon which Brandon relies. In *Monsen*, the Fourth Circuit held that a driver experiencing car problems exercised reasonable diligence in discovering that an auto shop had fraudulently swapped out his engine for that of another vehicle, even though he waited several years after his engine problems became apparent before bringing suit. *See id.* at 299. But unlike here, the driver in *Monsen* repeatedly had his car inspected by qualified

6

mechanics until the cause of the problems was discovered. *See id.* at 295, 299. The driver's persistent efforts to uncover the source of his engine problems went far beyond the cursory internet searches described in Brandon's complaint. Accordingly, we see no error in the district court's dismissal of Brandon's VCPA claim as untimely.

## II.    Unjust Enrichment

Brandon also argues that the district court erred in dismissing her unjust enrichment claim as untimely.   She does not dispute that her claim is subject to a three-year limitations period under Va. Code Ann. § 8.01-246(4), or that the claim accrued on July 22, 2018, the date that she purchased the allegedly defective pressure cooker.   Instead, Brandon asserts that the statute of limitations should be equitably tolled.   We disagree.

Because Brandon's unjust enrichment claim arises under Virginia law, we apply that state's principles of equitable tolling in assessing the timeliness of her claim.   *See Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 379 (2d Cir. 2024) ("In diversity cases, state statutes of limitations govern the timeliness of state law claims, and state law determines the related questions of what events serve to commence an action and to toll the statute of limitations." (internal quotation

7

marks omitted)).   To benefit from equitable tolling under Virginia law, a plaintiff must demonstrate "the existence of an extraordinary circumstance that could not have been avoided by the exercise of due diligence."   *Birchwood-Manassas Assocs., L.L.C. v. Birchwood at Oak Knoll Farm, L.L.C.*, 290 Va. 5, 8 (2015); *see also Chesapeake & Ohio Ry. Co. v. Willis*, 200 Va. 299, 306 (1958) ("Equity aids the vigilant, not those who sleep on their rights.").   Here, Brandon has identified no extraordinary circumstance that prevented her from bringing her unjust enrichment claim in a timely manner, much less one that could not have been avoided through the exercise of due diligence.   Therefore, because Brandon's unjust enrichment claim accrued more than three years before she filed this action, the district court properly dismissed the claim as untimely.

*          *          *

We have considered Brandon's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8