Present:  Keenan, Koontz, Kinser, Lemons, Agee, and
Goodwyn, JJ., and Russell, S.J.

HARALD SCHMIDT

v.  Record No. 071292  OPINION BY JUSTICE CYNTHIA D. KINSER
                                        June 6, 2008
HOUSEHOLD FINANCE CORPORATION, II, D/B/A
HOUSEHOLD FINANCE CORP. OF VIRGINIA

            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                    Lon E. Farris, Judge

     This dispute arose out of a mortgage loan entered into

by Harald Schmidt.  The issues on appeal are whether the

circuit court erred by sustaining both a demurrer to a

claim for rescission of the mortgage loan and a plea in bar

of the applicable statutes of limitation as to claims for

actual fraud and constructive fraud, along with violations

of the Virginia Consumer Protection Act (VCPA), Code

§ 59.1-196 et seq.; the Truth in Lending Act (TILA), 15

U.S.C § 1601 et seq. (2000 & Supp. V 2005); and the Real

Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601

et seq. (2000 & Supp. V 2005).

     We will affirm the circuit court's judgment sustaining

the demurrer because Schmidt did not allege sufficient

facts to state a cause of action for rescission of a

contract.  Similarly, we will affirm the circuit court's

judgment sustaining the plea in bar because Schmidt did not

allege facts demonstrating that, despite the exercise of

due diligence, he could not have discovered the alleged fraud within the applicable statutory limitation periods preceding his commencement of the action.

## I. STANDARD OF REVIEW

The purpose of a demurrer is to " 'test[] the legal sufficiency of facts alleged in pleadings.' " Augusta Mut. Ins. Co. v. Mason, 274 Va. 199, 204, 645 S.E.2d 290, 293 (2007) (quoting Glazebrook v. Board of Supervisors, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003)). We "accept as true all properly pled facts and all inferences fairly drawn from those facts." Id. The circuit court's decision to sustain a demurrer involves issues of law; thus, this Court will review that decision de novo. Id. (citing Dreher v. Budget Rent-A-Car Sys., 272 Va. 390, 395, 634 S.E.2d 324, 326-27 (2006)).

With regard to the plea in bar, the parties did not introduce any evidence but, instead, presented the statutes of limitation issues to the circuit court based solely on the pleadings. Therefore, "the trial court, and the appellate court upon review, consider solely the pleadings in resolving the issue[s] presented." Niese v. City of Alexandria, 264 Va. 230, 233, 564 S.E.2d 127, 129 (2002) (citing Lostrangio v. Laingford, 261 Va. 495, 497, 544 S.E.2d 357, 358 (2001)). This Court accepts as true the

2

facts stated in the plaintiff's pleadings for purposes of resolving the plea in bar.  See id.

## II. MATERIAL FACTS AND PROCEEDINGS

In an amended complaint, Schmidt recounted the events surrounding a mortgage loan that he entered into on February 28, 2002.[1]  According to Schmidt, he submitted a mortgage loan application to Household Finance Corporation II, d/b/a Household Finance Corp. of Virginia (Household Finance), in response to a telephone solicitation from a Household Finance employee.  Household Finance then offered Schmidt a mortgage loan with a lower interest rate and shorter term than his existing mortgage loan.  The loan, however, would have prepaid finance charges of $17,467.10.

Schmidt met with two Household Finance employees at its office in the City of Fairfax.  The employees allegedly told Schmidt that they could not execute the loan documents at the Household Finance office but, instead, needed to go to a nearby restaurant to do so.  When the notary public

---

[1]  We recite only the allegations Schmidt asserted in the amended complaint because he did not incorporate the allegations set forth in his initial, pro se complaint. See Yuzefovsky v. St. John's Wood Apartments, 261 Va. 97, 102, 540 S.E.2d 134, 136 (2001).

The parties do not dispute that Schmidt originally filed his action in November 2005 in the Circuit Court of Fairfax County.  He non-suited that action and re-filed it in the Circuit Court of Prince William County on March 8, 2006.

who was scheduled to meet with Schmidt and the Household Finance employees in order to notarize the loan documents failed to arrive at the restaurant, Schmidt explained that he needed to return to work. The Household Finance employees, however, informed Schmidt that he had to sign the loan documents that day in order to receive the loan and that, if he would execute the documents, the notary public could sign them later. Schmidt then executed the loan documents but never received copies of them, despite the employees' promise to send the documents to Schmidt.

In October 2004, Schmidt initiated steps to refinance the mortgage loan that he believed he had obtained from Household Finance. The next month, while working with another lender, Schmidt learned for the first time that his mortgage loan was actually from a lending institution known as "MBNA," not from Household Finance, and that the interest rate was several points higher than he had understood. Schmidt also learned that the $17,467 he had paid to Household Finance did not represent prepaid finance charges but was for closing costs and fees. According to Schmidt, he also discovered that Household Finance, by its agents, had forged Schmidt's signature on loan documents and provided MBNA with false information regarding Schmidt's income.

4

Upon learning all this information, Schmidt refused to make further loan payments on the grounds that he had not agreed to the loan terms. In November 2005, foreclosure proceedings were commenced against Schmidt's residence. Schmidt then sold his residence, and he alleges that he received at least $100,000 less than he would have received if he had not sold the property to avoid the foreclosure proceedings.

In Schmidt's amended complaint naming only Household Finance as a defendant, he sought rescission of the written contract (Count I). He alleged that the mortgage loan was unlawful because Household Finance was not licensed as a mortgage lender. He further claimed that, "[b]ecause the loan . . . was illegal, [Household Finance] has no right to retain the money that it received from [Schmidt] in excess of the amount it lent to [Schmidt] and is obligated by natural justice and equity to refund the money to [Schmidt]." Schmidt also alleged actual fraud (Count II) and constructive fraud (Count III), as well as violations of the VCPA (Count IV), the TILA (Count V), and the RESPA (Count VI). In response, Household Finance filed, among other things, a demurrer to Counts I through IV of Schmidt's amended complaint and a plea in bar of the

applicable statutes of limitation to all the counts asserted in the amended complaint.

Upon consideration of the parties' memoranda and oral argument with regard to the demurrer and plea in bar, the circuit court made the following determination, as stated in the final order: "Count I – Demurrer sustained, Plea in Bar Denied.  Count II-VI – Demurrer is Denied, Plea in Bar is sustained.  The First Amended Complaint is Dismissed with Prejudice."  We awarded Schmidt this appeal.

### III. ANALYSIS

Schmidt assigns error to the circuit court's judgment sustaining both Household Finance's demurrer to his claim for rescission and the plea in bar with regard to the other claims.  We will first address the demurrer and then the plea in bar.

### A. Demurrer

When reviewing a trial court's judgment sustaining a demurrer, we determine only "whether a plaintiff's factual allegations are sufficient to state a cause of action." Almy v. Grisham, 273 Va. 68, 76, 639 S.E.2d 182, 186 (2007); accord Faulknier v. Shafer, 264 Va. 210, 215, 563 S.E.2d 755, 758 (2002).  Here, we must determine whether Schmidt's factual allegations stated a cause of action for

rescission against Household Finance.  We have previously explained that

> [o]ne of the first principles with respect to the rescission of a contract is that, in seeking a remedy which calls for the highest and most drastic exercise of the power of a court of chancery – to annul and set at naught the solemn contracts of parties – there must be first a sufficient averment of facts showing the plaintiff entitled in equity to the relief which he seeks, and satisfactory proof of these facts, to justify the interposition of the court; and in addition to all this the court must be able substantially to restore the parties to the position which they occupied before they entered into the contract.

Bonsal v. Camp, 111 Va. 595, 599, 69 S.E. 978, 979 (1911); see also McLeskey v. Ocean Park Investors, Ltd., 242 Va. 51, 54, 405 S.E.2d 846, 847 (1991) ("If rescission is granted, the contract is terminated for all purposes, and the parties are restored to the status quo ante.").

Schmidt argues that he was entitled to rescind the contract because the loan from Household Finance was illegal.  This is so, according to Schmidt, because Household Finance is not licensed as a mortgage lender in accordance with Code § 6.1-410.  Schmidt contends that illegality is one of the grounds for rescission and that he can, therefore, rescind the transaction and recover the money he paid to Household Finance.  Schmidt acknowledges that Household Finance was not a party to the mortgage

7

loan.  He, nevertheless, argues that since Household

Finance employees failed to disclose that the lender was

MBNA, Household Finance is liable on the contract (and for

rescinding it) on the theory that an agent for an

undisclosed principal is liable, along with the principal,

on the contract.  We do not agree.

In his amended complaint, Schmidt captioned Count I as

"RESCISSION OF WRITTEN CONTRACT," but the only written

contract alleged was the mortgage loan with MBNA.  Schmidt

did not assert any contract to which he and Household

Finance were parties.  Thus, Schmidt alleged no factual

basis for a cause of action against Household Finance for

rescission of a contract.[2]  Furthermore, Schmidt alleged

that he had sold his residence and repaid the amount of the

loan that he received.  These allegations show that the

circuit court could not restore the parties to the

respective positions they occupied before entering into the

contract.  Bonsal, 111 Va. at 599, 69 S.E. at 979; see

McLeskey, 242 Va. at 54, 405 S.E.2d at 847.

---

[2]  To have rescission of the contract actually alleged
in the amended complaint, MBNA would be a necessary party
to the proceeding, but Schmidt sought relief against only
Household Finance.  See McDougle v. McDougle, 214 Va. 636,
637-38, 203 S.E.2d 131, 133 (1974); Bonsal, 111 Va. at 600-
01, 69 S.E. at 980.

Schmidt also argues that he asserted a cause of action for unjust enrichment in Count I and that the circuit court erred in sustaining Household Finance's demurrer in regard to that theory of recovery.  In support of this argument, Schmidt points to his allegation asserting that, because the loan from Household Finance to Schmidt was illegal, Household Finance "has no right to retain the money that it received from [Schmidt] in excess of the amount it lent to [Schmidt] and is obligated by natural justice and equity to refund the money to [Schmidt]."

To state a cause of action for unjust enrichment, Schmidt had to allege that: (1) he conferred a benefit on Household Finance; (2) Household Finance knew of the benefit and should reasonably have expected to repay Schmidt; and (3) Household Finance accepted or retained the benefit without paying for its value.  See Nedrich v. Jones, 245 Va. 465, 476, 429 S.E.2d 201, 207 (1993) ("One may not recover under a theory of implied contract simply by showing a benefit to the defendant, without adducing other facts to raise an implication that the defendant promised to pay the plaintiff for such benefit." (citing Mullins v. Mingo Lime & Lumber Co., 176 Va. 44, 51, 10 S.E.2d 492, 495 (1940))); see also Provident Life & Accident Ins. Co. v. Waller, 906 F.2d 985, 993-94 (4th Cir.

9

1990).  Contrary to Schmidt's argument, he did not plead sufficient factual allegations in his amended complaint to state a cause of action for unjust enrichment.  Thus, we conclude that the circuit court did not err in sustaining the demurrer to Count I.

## B. Plea in Bar

The purpose of a plea in bar is to "reduc[e litigation] to a distinct issue of fact which, if proven, creates a bar to the plaintiff's right of recovery." Tomlin v. McKenzie, 251 Va. 478, 480, 468 S.E.2d 882, 884 (1996).  Household Finance filed a plea in bar of the applicable statutes of limitation with regard to Schmidt's causes of action alleging actual fraud and constructive fraud; and violations of the VCPA, TILA, and RESPA.  The statute of limitations for actual fraud and constructive fraud, as well as a VCPA violation, is two years.  Code §§ 8.01-243(A) and 59.1-204.1(A), respectively.  However, "[i]n actions for fraud or mistake, [or] in actions for violations of the Consumer Protection Act [the cause of action accrues] when such fraud, mistake, misrepresentation, deception, or undue influence is discovered or by the exercise of due diligence reasonably should have been discovered."  Code § 8.01-249(1), see also STB Marketing Corp. v. Zolfaghari, 240 Va. 140, 144, 393

10

S.E.2d 394, 397 (1990) (holding that a cause of action for fraud does not accrue until the plaintiff "knew or reasonably should have known of the fraud.").

As the party asserting the plea in bar, Household Finance had the burden of proving that the applicable statutes of limitation had run.  Lo v. Burke, 249 Va. 311, 316, 455 S.E.2d 9, 12 (1995); see also Baker v. Poolservice Co., 272 Va. 677, 688, 636 S.E.2d 360, 366 (2006) ("The party asserting the plea in bar bears the burden of proof." (citing Cooper Indus., Inc. v. Melendez, 260 Va. 578, 594, 537 S.E.2d 580, 590 (2000))).  It is apparent on the face of Schmidt's pleadings that the two-year statute of limitations had expired when he filed his initial, non-suited action in the Circuit Court of Fairfax County in November 2005.  Schmidt executed the mortgage loan documents on February 28, 2002, more than two and one-half years before he first filed his action against Household Finance.

Contrary to Schmidt's argument, the burden then shifted to Schmidt to prove that, despite the exercise of due diligence, he could not have discovered the alleged fraud within the two-year period before he commenced the action in November 2005.  In other words, Household Finance did not have to show the lack of due diligence.  In Hughes

11

v. Foley, 203 Va. 904, 907, 128 S.E.2d 261, 263 (1962), this Court stated:

> The authorities agree that where a statute . . . declares that a cause of action for the recovery of money paid under fraud or mistake is deemed to have accrued at the time such fraud or mistake is discovered, or by the exercise of due diligence ought to have been discovered, the burden is on the plaintiff to prove that he acted with due diligence and yet did not discover the fraud or mistake until within the statutory period of limitation immediately preceding the commencement of the action.

As previously noted, the parties did not present evidence to the circuit court on the plea in bar. Thus, the circuit court, as well as this Court, looks solely to the pleadings to determine whether Schmidt carried his burden of demonstrating that, even with the exercise of due diligence, he nonetheless could not have discovered the alleged fraud until November 2004 when he attempted to refinance what he believed was a mortgage loan from Household Finance.[3] See Lostrangio, 261 Va. at 497, 544 S.E.2d at 358.

---

[3] We agree with Schmidt's argument that he did not initially have to allege facts in his amended complaint to demonstrate that he timely filed his action within the two-year period after he discovered or should have discovered Household Finance's alleged fraud through the exercise of due diligence. However, since he chose not to present evidence to the circuit court but, instead, submitted the due diligence issue on the pleadings, he is now limited to the factual allegations stated in his amended complaint. See Upper Occoquan Sewage Auth. v. Blake Constr. Co., 266

This Court has defined due diligence as " '[s]uch a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent man under the particular circumstances; not measured by any absolute standard, but depending on the relative facts of the special case.' " STB Marketing, 240 Va. at 144, 393 S.E.2d at 397 (quoting Blacks Law Dictionary 411 (rev. 5th ed. 1979)).  "Whether such due diligence has been exercised must be ascertained by an examination of the facts and circumstances unique to each case."  Id. at 145, 393 S.E.2d at 397 (citing Mears v. Accomac Banking Co., 160 Va. 311, 323, 168 S.E. 740, 744 (1933)).

Accepting as true the facts stated in Schmidt's amended complaint, see Niese, 264 Va. at 233, 564 S.E.2d at 129, it is evident that he discovered Household Finance's alleged fraud in November 2004 when he was attempting to refinance the mortgage loan on his residence.  However, Schmidt stated no facts demonstrating that, despite the exercise of due diligence, he could not have discovered the alleged fraud any sooner.  Yet, Schmidt alleged that he executed the loan documents in a restaurant and was advised

Va. 582, 585, 589, 587 S.E.2d 721, 722-23, 725 (2003) (reciting submission of 46 claims to a jury in a plea in

13

that the notary public, who failed to appear, would execute the documents later. Schmidt further alleged that he never received a copy of the loan documents although the Household Finance employees told him that copies would be sent to him. Based on these facts, a reasonable and prudent person would suspect that something was amiss with regard to the mortgage loan. But, Schmidt apparently made no follow-up inquiries about the mortgage loan.

In STB Marketing, this Court held that a thorough examination of land records and foreclosure sale documents would not have apprised the plaintiff of the fraudulent acts at issue. 240 Va. at 144, 393 S.E.2d at 397. Thus, we concluded that the plaintiff had no reason to believe that a conveyance of a second deed of trust and distribution of proceeds from a foreclosure sale were fraudulent until several years later when additional information was discovered. Id. at 145, 393 S.E.2d at 397. In the present case, by contrast, the alleged events surrounding the execution of the mortgage loan documents were sufficient in and of themselves to put Schmidt on notice that, at a minimum, he needed to make further inquiry. Thus, based on the facts alleged in Schmidt's amended complaint, we conclude that Schmidt did not carry

_____

bar hearing using special verdict forms).

14

his burden to prove that he filed this action within two years of the time when, "by the exercise of due diligence[, the alleged fraud] reasonably should have been discovered." Code § 8.01-249(1).

Finally, we address the plea in bar of the statutes of limitation applicable to Schmidt's causes of action alleging violations of TILA and RESPA. The statute of limitations for a cause of action alleging a TILA violation is "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e) (2000 & Supp. V 2005). Similarly, a cause of action for the type of RESPA violation alleged by Schmidt must be commenced within one year of the violation.[4] 12 U.S.C. § 2614 (2000 & Supp. V 2005).

Schmidt, however, claims that the theory of equitable tolling applies and that, therefore, the applicable statutes of limitation do not bar his claims under either TILA or RESPA.[5] Federal courts have determined that

---

[4] 12 U.S.C. § 2614 provides for a one-year statute of limitations for violations of §§ 2607 and 2608 and a three-year statute of limitations for violations of § 2605.

[5] Federal courts have held that the applicable statutes of limitations for causes of action under both TILA and RESPA are subject to equitable tolling. See Barnes v. West, Inc., 243 F. Supp. 2d 559, 561-62 (E.D. Va. 2003); Ramadan v. Chase Manhattan Corp., 156 F.3d 499, 503-04 (3rd Cir. 1998).

equitable tolling is a remedy that should be applied sparingly, see Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990), English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987), cert. denied, 486 U.S. 1044 (1988), and equitable relief is available only when a defendant misled or deceived a plaintiff in order to prevent the plaintiff from either discovering the existence of a cause of action or filing a timely claim.  See Olson v. Mobil Oil Corp., 904 F.2d 198, 201 (4th Cir. 1990); English, 828 F.2d at 1049.  In Irwin, 498 U.S. at 96, the United States Supreme Court stated:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.  We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

Schmidt acknowledges that, to receive the benefit of equitable tolling, a plaintiff has to establish that "'(1) the party pleading the statute of limitations fraudulently concealed facts that are the basis of the plaintiff's claim; (2) the plaintiff failed to discover those facts within the statutory period, despite (3) the exercise of due diligence.'"  Barnes v. West, Inc., 243 F. Supp. 2d

16

559, 563 (E.D. Va. 2003) (citing <u>Supermarket of Marlington, Inc. v. Meadow Gold Diaries, Inc.</u>, 71 F.3d 119, 122 (4th Cir. 1995)). For the reasons already stated, the factual allegations in Schmidt's amended complaint do not show that, despite the exercise of due diligence, he could not have discovered the facts forming the basis of his federal claims within the statutory limitation periods.

Thus, we conclude that the circuit court did not err in sustaining Household Finance's plea in bar of the statutes of limitation with regard to Schmidt's causes of action for actual fraud and constructive fraud; and for violations of the VCPA, TILA, and RESPA.

IV. CONCLUSION

For the reasons stated, we will affirm the judgment of the circuit court.

<u>Affirmed</u>.