# CIRCUIT COURT OF HANOVER COUNTY

Citimortgage, Inc., et al.

v.

Lora N. Hayes

March 11, 2013

Case Number CL10000509-00

BY JUDGE J. OVERTON HARRIS

Plaintiff initially filed a seven-count complaint against Defendant. Demurrers to each count were filed, and, subsequently, five counts were dismissed. The remaining counts allege unjust enrichment and seek a constructive trust. A bench trial was held on February 14, 2013, and the Court took this matter under advisement. After a thorough review of the law and the facts in this case, the Court rules as follows.

## Background

Property located in Hanover County was conveyed to Robert W. Hayes, Jr. ("Mr. Hayes") and Lora N. Rolan (now known as Lora N. Hayes and hereinafter "Defendant") by deed dated November 6, 1997. At the time of the conveyance, Mr. Hayes and Defendant were not married. The property was conveyed to them as joint tenants with the right of survivorship. Simultaneously with the conveyance, Mr. Hayes and Defendant executed a note and a deed of trust to secure $108,300.00 payable to GMAC Mortgage Corporation (GMAC).

Mr. Hayes and Defendant married. Subsequently, on August 13, 1998, Mr. Hayes and Defendant executed a deed of gift conveying the property to themselves as tenants by the entirety. The deed of gift was recorded on August 19, 1998. Thereafter, Mr. Hayes refinanced with a new loan from Pacific Guarantee Mortgage Corp. (PGMC) in the principal amount of $107,400 (the "Refinance Loan") to pay off the loan from GMAC. Mr. Hayes alone executed a note and a deed of trust dated August 26, 2002, to secure the refinance loan payable to PGMC. The proceeds from the

Refinance Loan were used to pay off the loan from GMAC. Subsequently, Citimortgage, Inc. (Plaintiff) acquired the note.

The deed of trust for the Refinance Loan purports to convey the entire fee simple interest in the property to the Trustee. It also states Mr. Hayes is "lawfully seised of the estate hereby conveyed and has the right to grant and convey the property. . . ." That deed of trust was recorded on August 26, 2002, and, on that date, the property was in fact owned by Mr. Hayes and Defendant as tenants by the entirety as evidenced by the deed of gift. Furthermore, a title search performed for PGMC at the time properly revealed the true state of the title and Defendant's ownership interest, but, nevertheless, the deed of trust was drafted and executed as though Mr. Hayes was the only owner.

Mr. Hayes died on March 10, 2008. His body was found in a burned out-building with an apparently self-inflicted gunshot wound. Also, the house which serves as the collateral in this matter was burned and suffered damage which had not been repaired as of trial. Defendant continued making the payments due for the Refinance Loan but eventually stopped, resulting in the Refinance Loan being accelerated. Plaintiff commenced foreclosure proceedings against the property. Prior to the sale, it was determined Defendant had not signed or been listed as a grantor on the deed of trust for the Refinance Loan. Defendant concedes the failure of PGMC to have Defendant execute a deed of trust securing the Refinance Loan was an unintentional error on the part of that lender.

### Issue

First the Court must determine whether Defendant has been unjustly enriched by PGMC's mistake in not having Defendant execute the deed of trust; secondly, if Defendant has been unjustly enriched, should this Court then impose a constructive trust on Defendant's interest in the real property in favor of Plaintiff.

### Rule of Law

The elements of unjust enrichment are: first, there must be some benefit conferred on the defendant; second, the defendant must have knowledge of the benefit; and lastly, the defendant must have accepted or retained the benefit without paying for its value. *See, Schmidt v. Household Fin. Corp., II*, 276 Va. 108, 116, 661 S.E.2d 834, 838 (2008).

A constructive trust arises:

> independently of the intention of the parties, by construction of law; being fastened upon the conscience of him who has the legal estate, in order to prevent what otherwise would be a fraud. They occur not only where property has been acquired by fraud or improper means, but also where it has been fairly

and properly acquired, but it is contrary to the principles of equity that it should be retained, at least for the acquirer's own benefit.

*Leonard v. Counts*, 221 Va. 582, 589, 272 S.E.2d 190, 195 (1980) (citing 1 *Minor on Real Property* § 462 at 616 (2d ed. Ribble 1928)). "A constructive trust arises not only when there has been actual fraud, but whenever one holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." *Id.*, 221 Va. at 590, 272 S.E.2d at 195-96 (internal quotations omitted).

## Analysis

In the instant case, Defendant's interest in the real property is unencumbered due to an error in not having her execute the deed of trust. As a result of this error, Defendant was relieved of her liability for repayment of the loan to GMAC and her interest in the subject property was left unencumbered by any lien as security for repayment to PGMC, and subsequently to Plaintiff. Additionally, Plaintiff has been paying the property taxes on the property thereby preventing any consequential tax liens which would encumber her interest. Thus, the first element of unjust enrichment has been sufficiently proven.

Defendant testified the refinance of the GMAC loan was handled by her Husband. While she acknowledged having a general knowledge of notes and deeds of trust, she denied having any direct knowledge of the details of this transaction and was not involved in obtaining the Refinance Loan or signing or even seeing any of the paperwork. She conceded, however, her Husband did advise her beforehand he was refinancing the GMAC loan and later that the Refinance Loan was obtained and the GMAC loan paid off. She also acknowledged having been the one to actually make and send the checks in payment from their joint account to PGMC and later to Plaintiff prior to her separation from Mr. Hayes and then again after his death. She asserts she continued making the payments for a period after Mr. Hayes's death because "he owed the money" and she was trying to "make things right."

Regardless of her knowledge otherwise, the Court infers from her testimony that Defendant was aware the GMAC loan had been paid off, her personal liability had been extinguished, and her interest in the property was left unencumbered. Thus, she was aware of the benefit she received as a result of the error by PGMC, even if she was unaware of the error itself. Thus, the second element of unjust enrichment has been sufficiently proven.

Finally, the evidence establishes Defendant has accepted the value of the benefit she received and now seeks to retain it. Thus, the third element of unjust enrichment has been sufficiently proven.

Defendant now argues the Plaintiff lacks "clean hands" asserting PGMC (and vicariously Plaintiff) "knew or should have known" of the error and, in equity, should be barred from seeking relief. The Court is not persuaded by this argument. The clean hands doctrine requires that "He who comes into equity must come with clean hands. . . ." *Richards v. Musselman*, 221 Va. 181, 186, 267 S.E.2d 164, 167 (1980) (quoting W. deFuniak, *Handbook of Modern Equity* § 24, at 39 (2d ed. 1956)). "[T]he complainant seeking equitable relief must not himself have been guilty of any inequitable or wrongful conduct with respect to the transaction or subject matter sued on." *Id.* The clean hands doctrine is not applicable in this case. The facts are PGMC mistakenly, inadvertently, or simply failed to require Defendant to execute a deed of trust to secure the loan which benefited Defendant. Defendant has not established that Plaintiff or PGMC was guilty of any wrongful or inequitable conduct. To the contrary, PGMC made the loan, Defendant accepted the benefit, and the parties proceeded along until, finally, after default and pending foreclosure by Plaintiff, the error was discovered.

The Court notes further that, in seeking a constructive trust on Defendant's interest in the property, Plaintiff does not seek to impose any personal liability upon Defendant for payments of any sums to Plaintiff.

The Court rules that equity demands a constructive trust be imposed upon Defendant's interest in the real property for an amount equal to the sums properly due to Plaintiff under the terms of the loan to Mr. Hayes.

Furthermore, the Court rules that any deficiency between the value recovered and the amount owed shall not be apportioned to Defendant as her personal liability.