**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 14-1884
_____

DOUGLAS C. DUNLAP,

             Plaintiff – Appellant,

        v.

TEXAS GUARANTEED; U.S. DEPARTMENT OF EDUCATION; SUNTRUST
BANK; SALLIE MAE; SAN ANTONIO FEDERAL CREDIT UNION; NAVIENT
SOLUTIONS, INC.,

             Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.    John A. Gibney, Jr.,
District Judge. (3:14-cv-00256-JAG)

_____

Submitted:  January 5, 2015          Decided:  January 16, 2015

_____

Before NIEMEYER and DIAZ, Circuit Judges, and DAVIS, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Douglas C. Dunlap, Appellant Pro Se.  Robert Field Moorman, LAW
OFFICE OF ROBERT F. MOORMAN, PLC, Richmond, Virginia; Maurice
Francis Mullins, Jr., SPOTTS FAIN, PC, Richmond, Virginia;
Stephen M. Faraci, Sr., LECLAIR RYAN, PC, Richmond, Virginia;
Douglas P. Rucker, Jr., Eric C. Howlett, SANDS ANDERSON, PC,
Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas C. Dunlap appeals the district court's order dismissing his claims pursuant to 28 U.S.C. § 1915(e)(2) (2012). On appeal, Dunlap contends that the judge erred in holding that his fraud claims were barred by the Virginia statute of limitations. He does not contest the district court's reasons for dismissing his remaining claims, instead simply reiterating the merits of those claims, which the district court did not address. Finding no error, we affirm.

We review a dismissal pursuant to § 1915(e)(2) de novo. De'lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Virginia imposes a two-year statute of limitations on fraud claims. Va. Code Ann. § 8.01-243(A) (West 2014); see Hansen v. Stanley Martin Cos., Inc., 266 Va. 345, 355, 585 S.E.2d 567, 573 (2003). The statute "begins to run from the date the fraud or negligent misrepresentation 'is discovered or by the exercise of due diligence reasonably should have been discovered.'" Hansen, 266 Va. at 355, 585 S.E.2d at 573 (citing Va. Code Ann. § 8.01-249(1) (West 2014)).

Furthermore, the plaintiff bears the burden "to prove that, despite the exercise of due diligence, he could not have discovered the alleged fraud [except] within the two-year period before he commenced the action[.]" Schmidt v. Household Fin. Corp., II, 276 Va. 108, 117, 661 S.E.2d 834, 839 (2008). Due

2

diligence is "such a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent man under the circumstances; not measured by any absolute standard, but depending on the relative facts of the special case. <u>Id.</u> at 118, 661 S.E.2d at 839 (internal alterations omitted).

Based on our review of the record and the parties' briefs, we conclude that the district judge did not err in dismissing Dunlap's claims. Dunlap has not presented sufficient evidence to show that, had he exercised due diligence, he would not have discovered the Appellees' allegedly fraudulent conduct until less than two years before the date he filed his complaint.

Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>