# COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Malveaux, Friedman and Senior Judge Petty
Argued at Williamsburg, Virginia


MARIAN S. SCHUTTS, ET AL.

                                              MEMORANDUM OPINION[*] BY
v.       Record No. 0884-24-1             JUDGE FRANK K. FRIEDMAN
                                                    SEPTEMBER 16, 2025

STOKLEY'S SERVICES, INC., ET AL.


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Andrew D. Kubovcik, Judge

Jonathan M. Young (Tidewater Trial Lawyers, P.C., on brief), for
appellants.

Christian L. Connell (Christian L. Connell, P.C., on brief), for
appellees.


Siblings Marian Schutts and James Shortt (appellants) challenge the circuit court's order

sustaining a demurrer to their claim of unjust enrichment. Appellants argue that their amended

complaint alleged sufficient facts to state an unjust enrichment claim against Robert Shortt, their

brother, and Stokley's Services, Inc. (appellees). Appellants also contend that the circuit court

abused its discretion by denying leave to further amend their complaint. We conclude that the

circuit court did not err, and so we affirm its judgment.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

Marian, James, and Robert are the children of Richard and Mary Shortt, who owned

Stokley's. In 2016, Stokley's obtained a loan in the amount of $260,048.83 from TowneBank, with

Richard and Mary as guarantors. The loan was scheduled to be fully paid in June 2026, the loan

maturity date. Richard assigned the proceeds of his own life insurance policy as collateral for the

loan. Marian, James, and Robert were beneficiaries of Richard's life insurance policy.[2] The

assignment provided that TowneBank received the "sole right to collect from the insurer the net

proceeds of the Policy when it becomes a claim by death or maturity."

In 2017, Richard and Mary executed a written agreement with Robert, giving Robert control

of Stokley's. The agreement provided that, "Rob[ert] shall cause [Stokley's] to, and [Stokley's]

shall, make regular monthly payments and any other required payments when due and payable

on the Towne Loan until such loan has been paid in full."[3]

In 2020, Richard passed away. TowneBank informed Richard's children that no life

insurance proceeds would be disbursed to them as beneficiaries until Stokley's remaining loan

---

[1] In reviewing a circuit court's judgment sustaining a demurrer, "we 'accept as true all factual allegations expressly pleaded in the complaint and interpret those allegations in the light most favorable to the plaintiff.'" *Seymour v. Roanoke Cnty. Bd. of Supervisors*, 301 Va. 156, 164 (2022) (quoting *Coward v. Wellmont Health Sys.*, 295 Va. 351, 358 (2018)).

[2] Richard's wife, Mary, was a Class 1 beneficiary, and Richard's children were Class 2 beneficiaries. Mary passed away before Richard.

[3] All the written agreements referenced herein were either attached to the pleadings or produced upon appellees' filing a motion craving oyer. Thus, the circuit court properly considered such documents, and we consider them as well in our review of the circuit court's judgment. *See Dodge v. Trs. of Randolph-Macon Woman's Coll.*, 276 Va. 1, 5 (2008) ("When, as in this case, the circuit court grants a demurrant's motion craving oyer, the circuit court in ruling on the demurrer may properly consider the facts alleged as amplified by any written documents added to the record as a result of the motion."); *Ward's Equip. v. New Holland N. Am.*, 254 Va. 379, 382 (1997) ("[A] court considering a demurrer may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that properly are a part of the pleadings."). Neither party challenges the authenticity of the written agreements.

balance of $148,142.48 was paid. In September 2020, Marian, James, and Robert all signed documents authorizing TowneBank to pay off the loan with life insurance proceeds.[4] This allowed Marian, James, and Robert to obtain the life insurance proceeds to which they were entitled prior to the loan maturity date of June 2026.

Following repayment, appellants filed suit against appellees, asserting an unjust enrichment claim. The complaint alleged that, as beneficiaries of the life insurance policy, appellants were "each entitled to a respective one quarter . . . interest in the proceeds"[5] but their share was "reduced by" $74,071.24 when the policy proceeds were used to repay TowneBank.[6] Because appellees were responsible for paying the loan, the complaint alleged that appellants "conferred a tangible economic benefit upon" appellees by consenting to use the policy proceeds to pay off the loan. As alleged in the complaint, appellants "always expected and anticipated that they would be reimbursed by" appellees.

---

[4] Marian signed the document from TowneBank on September 2, 2020, while James and Robert signed on September 15, 2020. The signed document provided in relevant part:

> TowneBank holds an Assignment of the Whole Life insurance Policy . . . in the name of Richard H. Shortt. This insurance policy serves as collateral for [the] loan . . . in the name of Stokley's Services, Inc. In order to release our Assignment of the insurance policy, the loan must be paid off and closed. As of the date of this letter, the payoff amount is $147,391.27 with per diem interest of $21.47. After payoff, TowneBank's Assignment will be released, and the remaining insurance proceeds will be available for disbursement to the Beneficiaries of the policy.
>
> As a Beneficiary, and by signing below, you are attesting to the loan payoff and closure . . . .

[5] A fourth child, Diann Marlow, was also a beneficiary of Richard's life insurance policy; Marlow passed away before this litigation began. Marlow, like her three siblings, signed the document from TowneBank in September 2020 permitting the loan to be paid off with life insurance proceeds.

[6] The $148,142.48 repayment divided into four shares is $37,035.62; $74,071.24 represents the combined total of appellants' alleged loss.

Appellees demurred, arguing that appellants failed to plead facts showing that appellees had or should have reasonably expected to repay appellants. The circuit court found that appellants' complaint "provided no indication as to why they expected to be repaid" and sustained the demurrer for failure to plead facts alleging a reasonable expectation of repayment. The circuit court granted appellants leave to file an amended complaint.

In their amended complaint, appellants alleged that Robert "was aware that [appellants] expected to be repaid" and "knew that [Stokley's] was obligated to repay [appellants] for the money advanced from the insurance proceeds." The amended complaint also alleged that Robert "was aware of this obligation" because he had asked Richard's counsel "what would happen to the insurance proceeds" if Richard died before the TowneBank loan was fully paid.[7] Appellants further asserted that they only agreed to use the life insurance proceeds to satisfy the loan "because they knew that [Robert] was aware of the obligation to reimburse them for the funds." Otherwise, appellants contended that they "would not have agreed to permit the insurance proceeds to be used."

Appellees demurred, again arguing that appellants failed to plead facts showing that appellees should reasonably have expected to repay the appellants. In response, appellants asserted that the allegation in the amended complaint that Richard's attorney had advised Robert "that he would still be on the hook" for paying the loan after Richard's death showed that they reasonably expected to be repaid.

During the demurrer hearing, the circuit court noted that the amended complaint did not allege that appellants had ever requested repayment of the money, including when they agreed to disburse life insurance proceeds to pay off the outstanding loan balance. Appellants then asked the circuit court for leave to further amend their complaint to "include facts along those lines," but did

---

[7] These discussions between Robert and Richard's counsel occurred while Richard was still alive and involved speculative future contingencies.

not specify what additional facts they could plead. The circuit court denied the motion and clarified its ruling that the amended complaint did not plead any facts "that would lead to a reasonable expectation" of repayment between the parties. By final order, the circuit court sustained the demurrer and dismissed the suit with prejudice. Appellants now challenge the circuit court's rulings sustaining the demurrer and denying leave to amend.

ANALYSIS

I. Unjust Enrichment

"We review de novo a circuit court's decision sustaining a demurrer." *Trent v. Onderlaw, LLC*, 81 Va. App. 179, 190 (2024). "A demurrer tests the legal sufficiency of the facts alleged in a complaint assuming that all facts alleged therein and all inferences fairly drawn from those facts are true." *Givago Growth, LLC v. Itech AG, LLC*, 300 Va. 260, 264 (2021). Furthermore, we "interpret those allegations in the light most favorable to the plaintiff." *Taylor v. Aids-Hilfe Koln e.V.*, 301 Va. 352, 357 (2022) (quoting *Coward v. Wellmont Health Sys.*, 295 Va. 351, 358 (2018)). In doing so, however, "we must 'distinguish allegations of historical fact from conclusions of law.'" *A.H. ex rel. C.H. v. Church of God in Christ, Inc.*, 297 Va. 604, 623 (2019) (quoting *Sweely Holdings, LLC v. SunTrust Bank*, 296 Va. 367, 371 (2018)). Although we assume the factual allegations are true, "we do not accept the veracity of conclusions of law camouflaged as factual allegations or inferences." *Id.* (quoting *Sweely Holdings, LLC*, 296 Va. at 371).

"Unjust enrichment is an implied contract action based upon the principle that 'one person . . . may not enrich himself unjustly at the expense of another.'" *CGI Fed. Inc. v. FCi Fed., Inc.*, 295 Va. 506, 519 (2018) (alteration in original) (quoting *Rinehart v. Pirkey*, 126 Va. 346, 351 (1919)). A claim for unjust enrichment must allege that "the plaintiff conferred a benefit on the defendant," "the defendant knew of the benefit and should reasonably have expected to repay the plaintiff," and "the defendant accepted or retained the benefit without

- 5 -

paying for its value." *James G. Davis Constr. Corp. v. FTJ, Inc.*, 298 Va. 582, 597 (2020). A plaintiff "may not recover under a theory of implied contract simply by showing a benefit to the defendant, without adducing other facts to raise an implication that the defendant promised to pay the plaintiff for such benefit." *Schmidt v. Household Fin. Corp., II*, 276 Va. 108, 116 (2008) (quoting *Nedrich v. Jones*, 245 Va. 465, 476 (1993)). Moreover, "[t]he existence of an express contract covering the same subject matter of the parties' dispute precludes a claim for unjust enrichment." *CGI Fed. Inc.*, 295 Va. at 519.

Appellants argue that the circuit court erred because the amended complaint sufficiently alleged that appellees should reasonably have expected to repay them. They assert that because Robert "knew about the benefits conveyed" and "consciously chose to retain them," there was a reasonable inference that Robert should have reasonably expected to repay them. We disagree.

Appellants' bare assertion that Robert should have reasonably expected to make repayment states a conclusion that is unsupported by other pleaded facts. *See Ogunde v. Prison Health Servs.*, 274 Va. 55, 66 (2007) ("[W]e are not bound to accept conclusory allegations in a review of a demurrer[.]"); *Brown v. Jacobs*, 289 Va. 209, 212 n.2 (2015) (same). Appellants alleged only that Robert knew from Richard's counsel that the life insurance proceeds could be used to repay the TowneBank loan. But mere knowledge of a benefit is insufficient to state a claim for unjust enrichment. *See Schmidt*, 276 Va. at 116. The plaintiff must allege that "the defendant knew of the benefit *and* should reasonably have expected to repay the plaintiff." *James G. Davis Constr. Corp.*, 298 Va. at 597 (emphasis added). Here, the amended complaint alleged a benefit received but did not "adduc[e] other facts to raise an implication that [Robert] promised to pay [appellants] for such benefit." *Schmidt*, 276 Va. at 116 (quoting *Nedrich*, 245 Va. at 476). And, again, all of Richard's children signed documents with TowneBank permitting the loan to be paid off with the life insurance proceeds.

Relying on *James G. Davis Construction*,[8] appellants argue that a defendant's "mere acquiescence" in using the benefit conferred by a plaintiff "can be sufficient to support a claim for unjust enrichment," even if the defendant makes no promise to pay for the benefit. 298 Va. 582. But their reliance on *James G. Davis Construction* is misplaced. There, a supplier brought an unjust enrichment claim against a general contractor, seeking repayment for construction materials the supplier had provided to a subcontractor on the project. *Id.* at 586. Under the facts of that case, the general contractor directly paid some of the supplier's invoices for materials provided, assured the supplier "there were ample funds to pay" for additional materials despite knowing of the subcontractor's financial difficulties, and began processing a payment to the supplier for the outstanding invoices, although it ultimately halted the payment. *Id.* at 589-91. The Supreme Court did not hold that the general contractor's mere knowledge of the benefit was sufficient to create a reasonable expectation of repayment; the Supreme Court instead found that "[t]he factfinder could plausibly conclude that [the defendant] expected to pay for the materials based on [its] course of conduct with [the plaintiff], and that [the plaintiff] expected to be paid for materials it was encouraged to ship." *Id.* at 598. On that basis, the Supreme Court held that the facts supported an unjust enrichment claim. *Id.* But here, unlike in *James G. Davis Construction*, appellants' amended complaint failed to plead a "course of conduct" by appellees that demonstrated a reasonable expectation that appellants would be repaid for their share of the life insurance proceeds used to satisfy the loan.

---

[8] Appellants' sole assignment of error on this issue states verbatim as follows:

> The Circuit Court erred by sustaining the Demurrer and preventing
> the Plaintiffs from introducing their evidence. The Court did not
> apply *James G. Davis Constr. Corp. v. FTJ, Inc.*, 841 S.E.2d 642
> (Va. 2020) as the controlling law.

Because appellants failed to plead facts showing an expectation of repayment, the circuit court did not err in sustaining the demurrer.

## II. Leave to Amend

Appellants' second assignment of error asserts that the circuit court "erred in not granting leave to amend." The circuit court sustained appellees' demurrer to the initial complaint without prejudice, permitting appellants to file an amended complaint, which they did. On appeal, appellants contend that the circuit court abused its discretion by not permitting another amended complaint to be filed.

"[T]he decision to permit amendments of pleadings rests in the sound discretion of the trial court and will not be disturbed absent a showing of abuse of discretion." *Adkins v. Dixon*, 253 Va. 275, 279 (1997). But "[l]eave to amend should be liberally granted in furtherance of the ends of justice." Rule 1:8. We do not reach the merits of this assignment of error, however, because appellants failed to develop any argument on brief addressing it.

An opening brief must contain "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Rule 5A:20(e). "[U]nsupported assertions of error do not merit appellate consideration." *Winters v. Winters*, 73 Va. App. 581, 597 (2021). "[I]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Clark v. Commonwealth*, 78 Va. App. 726, 765 (2023) (alteration in original) (quoting *Bartley v. Commonwealth*, 67 Va. App. 740, 746 (2017)). Instead, "Rule 5A:20(e) requires an appellant 'to present [this Court] with legal authority to support [his] contention' that the trial court erred." *Id.* (alterations in original) (quoting *Bartley*, 67 Va. App. at 746). An appellant who "fails to develop an argument in support of his or her contention or merely constructs a skeletal argument" waives the issue. *Id.* (quoting *Bartley*, 67 Va. App. at 746).

Appellants challenge the circuit court's denial of their motion to further amend the complaint. But their brief provides no standard of review and cites no legal authority to support their argument. That failure means they have not provided this Court with a "legal prism through which to view [the] alleged error." *Bartley*, 67 Va. App. at 746. In addition, appellants do not state what additional facts they would plead nor do they "advance any explanation as to how they would have amended their complaint" to allege a reasonable expectation of repayment. *Lafferty v. Sch. Bd. of Fairfax Cnty.*, 293 Va. 354, 365 (2017); *see also AGCS Marine Ins. Co. v. Arlington Cnty.*, 293 Va. 469, 486 (2017) (no abuse of discretion in denying leave to amend "when there is no proffer or description of the new allegations"). Appellants' failure to provide this Court sufficient legal authority or argument to support their claim waives their argument. *See Lafferty*, 293 Va. at 365.

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*